**Lakhbir SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Lakhbir SINGH, Petitioner,**

v.

**John D. Ashcroft, Attorney General, Respondent.**

**Nos. 99–71019, 01–70545.**

**INS Nos. A27–155–959, A92–224–863.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2002.*

Decided Sept. 17, 2002.

Before KOZINSKI and KLEINFELD, Circuit Judges, and BEISTLINE,** District Judge.

MEMORANDUM ***

We lack jurisdiction to review the discretionary denial of adjustment of status. *See* 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208; *Kalaw v. INS*, 133 F.3d 1147 (9th Cir.1997). Singh has raised no substantial claim that he was denied due process of law. He does nothing more than second-guess the Board's weighing of the evidence. The Board was entitled to conclude from his ex-lawyer's declaration, as well as from the various inconsistencies found in Singh's biographic information forms and testimony, that Singh had been less than truthful and therefore did not present a case warranting the favorable exercise of discretion.

Singh also appeals the Office of Administrative Appeals' denial of his request for temporary protected status as a special agricultural worker (SAW) under section 210 of the Immigration and Nationality Act. The OAA did not abuse its discretion, and its findings are not "directly contrary to clear and convincing facts contained in the record considered as a whole." 8 U.S.C. § 1160(e)(3)(B). Singh offered weak and contradictory evidence that he really was an agricultural worker. His assertion on the SAW application that he was an agricultural worker directly contradicted his earlier statements that he either was unemployed at the time or was work-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing as a donut maker. In addition, when questioned about the agricultural terms used on his SAW application, Singh could not provide an explanation. Finally, even after the deficiencies were pointed out, Singh still failed to supply the requested documentation to support his claim of past agricultural employment.

AFFIRMED.